STATE SAFETY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12641.   Promulgated November 2, 1928.

*Raymond H. Schultz, Esq.*, and *David Bluford, Esq.*, for the petitioner.

*Brice Toole, Esq.*, for the respondent.

1386

OPINION.

STEFKIN: The position of the respondent on which the deficiencies asserted in this proceeding were based was that exhaustion of the

petitioner's leasehold interest must be based upon cost. That position was abandoned and at the hearing respondent's counsel admitted that the petitioner was entitled to an exhaustion allowance based upon the March 1, 1913, value. The respondent further admitted at the hearing that the petitioner's leasehold interest had a value on March 1, 1913, of $528,000, and in his brief, therefore, reduces the deficiencies to $1,290.89 for 1920 and $1,395.89 for 1921. The petitioner, however, contends for a value of $721,965, basing such amount on the testimony of the two real estate experts who testified at the hearing and who placed that value upon the petitioner's interest as of March 1, 1913. The petitioner, also, at the close of the hearing, filed a motion asking the Board to enter judgment upon the basis of such a value based upon the theory that such testimony was uncontradicted and must be adopted verbatim.

This position is not sound. In the hearing of fact cases we concede that it is our province to act as a jury, and, while we have no right arbitrarily to ignore or discredit the testimony of unimpeached witnesses, it is still our province, when the question is purely one of value, to exercise our own judgment on the facts as to which the experts give their opinions. In this proceeding the experts, in reviewing the basis for the value which they placed on the property, listed a large number of sales or leases of property within the loop district in Chicago. Two of these leases and sales were as late as 1923 and 1926. Nor were the transactions proved independently of the testimony of the experts whose testimony with respect to such transactions was pure hearsay. It further appears that the value obtained by the two experts for the petitioner was obtained by capitalizing the annual return of $33,000 over a period of 78 years and 5 months upon a straight discount formula, using 4½ per cent compound interest. Such a method takes no account of the speculative possibilities over the long period which the lease had to run. It may be true, as testified by the experts, that the buildings upon the property standing back of the payments as security minimized that risk. Considering all the circumstances, we are inclined to the view that a method which makes provision for a safe interest rate and a speculative rate more nearly reflects the value than a method which makes no provision for the element of risk. The respondent's calculation used such a method and results in a value of $528,000. The petitioner has not satisfied us that the amount should be larger.

*Judgment will be entered for the respondent for a deficiency of $1,290.89 for the year 1920, and $1,395.89 for the year 1921.*